**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**U.S. Department of Justice – Civil Division**
**Commercial Litigation Branch**

Ruth A. Harvey
Kevin P. VanLandingham
Crystal J. Geise (N.Y. Bar No. 5405204)
Seth B. Shapiro (D.C. Bar No. 433988)
Jessica Cole
P.O. Box 875, Ben Franklin Station
Washington, DC 20044-0875
(202) 451-7330
Crystal.geise@usdoj.gov

*Attorneys for the United States of America*

| | |
|---|---|
| In re:<br><br>BLOCKFI INC., *et al.*<br><br>　　　　　　Debtors. | Hon. Robert Kirsch, U.S.D.J.<br>Civil Action No. 3:23-CV-03015<br><br>Bankr. Case No. 22-19361 (MBK)<br>Jointly Administered<br>Chapter 11 |
| OFFICIAL COMMITTEE OF UNSECURED CREDITORS<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>BLOCKFI, INC. *et al.*, and<br>UNITED STATES OF AMERICA,<br><br>　　　　　　Defendants. | Adv. Pro. No. 23-01144 (MBK) |

## UNITED STATES' REPLY IN SUPPORT OF MOTION TO WITHDRAW THE REFERENCE

i

## TABLE OF CONTENTS

INTRODUCTION ................................................................................................1

ARGUMENT .....................................................................................................3

  I.   Withdrawal of the Reference Is Mandatory. .......................................3

    A.  Resolving Jurisdiction Over the Adversary Proceeding Requires Substantial and Material Consideration of Non-Bankruptcy Law. ...................5

    B.  The Application of the Relation Back Doctrine Presents a Substantial and Material Question of Criminal Law. ...................................................8

    C.  Criminal Law Provides an Exclusive Mechanism to Resolve Third-Party Disputes Over Warrants. ...................................................11

  II.    Alternatively, Permissive Withdrawal Is Appropriate. ...............................12

CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

Page(s)

## Cases

*Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co.* (*In re Ames Dep't Stores, Inc.*),
   512 B.R. 736 (S.D.N.Y. 2014) ..............................................................................11

*Block v. Anthony Tammaro, Inc.* (*In re Anthony Tammaro, Inc.*),
   56 B.R. 999 (D.N.J. 1986)......................................................................................11

*Chaim v. United States*,
   692 F. Supp. 2d 461 (D.N.J. 2010)..........................................................................7

*Diversified Fiber Prods., Inc. v. United States* (*In re Thena, Inc.*),
   190 B.R. 407 (D. Or. 1995) ...................................................................................10

*Feldman as Tr. Of Est. of Image Masters, Inc. v. ABN Ambro Mortg. Grp., Inc.*,
   2020 WL 618604 (E.D. Pa. Feb. 10, 2020)........................................................... 13

*GuildMaster, Inc. v. United States of America (In re GuildMaster, Inc.)*,
   2013 WL 1331392 (Bankr. W.D. Mo. Mar. 29, 2013) ......................................6, 8
*Hatzel & Buehler*,
   106 B.R. 367 (D. Del. 1989) .................................................................................13

*In re G-I Holdings, Inc.*,
   295 B.R. 211 (D.N.J. 2003)............................................................................ 13, 14

*In re James*,
   940 F.2d 46 (3d Cir. 1991) .....................................................................................3

*In re WinPar Hospitality Chattanooga, LLC*,
   404 B.R. 291 (Bankr. E.D. Tenn. 2009)...............................................................9, 14

*Libretti v. United States*,
   516 U.S. 29 (1995) ................................................................................................12

*In re Timiryan*,
   2007 Bankr. LEXIS 1627 (Bankr. C.D. Cal. Mar. 27, 2007)..............................10

*Sullivan v. Hiser* (*In re St. Mary Hosp.*),
   115 B.R. 495 (E.D. Pa. 1990)............................................................................ 11

*Sweet v. United States* (*In re VPH Pharmacy, Inc.*),
   2018 WL 3574721 (E.D. Mich. July 25, 2018)....................................................10

*United States v. Delfasco, Inc.*,
   409 B.R. 704 (D. Del. 2009) ..........................................................................4, 11

*United States v. DeMiro*,
   446 B.R. 804 (E.D. Mich. 2011) ...........................................................................4

*United States v. French*,
   822 F. Supp. 2d 615 (E.D. Va. 2011)....................................................................9

*United States v. Huntington Nat'l Bank*,
   682 F.3d 429 (6th Cir. 2012) ................................................................................9

*United States v. Lavin*,
   942 F.2d 177 (3d Cir. 1991) .................................................................................8

*United States v. Nava*,
   404 F.3d 1119 (9th Cir. 2005)...............................................................................7

*United States v. One Parcel of Real Property*,
   137 B.R. 802 (D. Or. 1992) ..................................................................................4

*United States v. Peña-Fernádez*,
   378 F. Supp. 3d 130 (D.P.R. 2019) .......................................................................9

**Statutes**

11 U.S.C. § 362 .................................................................................................3, 14

18 U.S.C. § 3231 ........................................................................................ 2, 5, 6, 14

21 U.S.C. § 853 ..................................................................................... 2, 3, 6, 8, 11

28 U.S.C. § 157 ..................................................................................... 1, 4, 13

28 U.S.C. § 1334 ........................................................................................6

28 U.S.C. § 1355 .............................................................................. 2, 5, 6, 14

## **INTRODUCTION**

The Committee commenced the Adversary Proceeding[1] for the express purpose of preventing BlockFi from complying with seizure warrants duly issued by the U.S. District Court for the Western District of Washington to seize proceeds associated with the indictment of two criminal defendants charged with defrauding hundreds of thousands of victims. Underlying the Committee's Complaint is the remarkable proposition that a debtor may refuse to comply with criminal warrants if its creditors sue in bankruptcy court to challenge the scope and enforceability of those warrants.

28 U.S.C. § 157(d) requires that the "district court shall, on timely notice of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." The Committee does not dispute that the motion was timely, nor that the criminal forfeiture laws that give rise to the warrants affect interstate commerce. Their only contention is the Adversary Proceeding does not require substantial and material consideration of laws other than title 11. It does.

---

[1]     All terms not defined herein have the meaning assigned in the United States' Motion to Withdraw the Reference.

1

The Committee's view of the case is simplistic in the extreme. The Committee does not contend that the Bankruptcy Court has jurisdiction to hear matters related to criminal law, instead they assert the claims in the Complaint are "purely bankruptcy in nature." Opp. ¶ 41. What the Committee fails to confront, however, is that to even reach the contentions in the Complaint, the Court must first determine (1) whether the district court has exclusive jurisdiction to hear arguments concerning and affecting the scope of the Seizure Warrants pursuant to 18 U.S.C. § 3231 and 28 U.S.C. § 1355; (2) whether the Adversary Proceeding is barred under the criminal forfeiture law, 21 U.S.C. § 853(k)(2), as "an action at law or equity against the United States concerning the validity of [an] alleged interest in property" subject to forfeiture; and (3) whether criminal law provides an exclusive mechanism to resolve third-party disputes over warrants. *See* Mot. 8–10.

Even the bankruptcy law issues the Committee emphasizes involve substantial consideration of non-bankruptcy law. For instance, the Committee argues that the government, in enforcing the Seizure Warrants issued pursuant to titles 18 and 21, has no more rights than an unsecured creditor. The Committee cites no precedent for this position, and the United States is aware of none. The lawsuit thus asks the Bankruptcy Court not only to consider non-bankruptcy law, but to *make new law* at this intersection of criminal forfeiture and bankruptcy on an issue that could have vast implications on criminal forfeiture.

Any one of these substantial and material and non-bankruptcy questions is enough to make withdrawal of the reference mandatory.  Yet even if withdrawal of the reference were not mandatory (it is), permissive withdrawal should be granted. While the Committee claims that this is a "core" bankruptcy proceeding because it styled the Complaint as an effort to enforce the automatic stay under 11 U.S.C. § 362, critically, the automatic stay *does not apply* to government forfeiture actions. *See* 11 U.S.C. § 362(b)(4); *In re James*, 940 F.2d 46, 51 (3d Cir. 1991).

What is left is a naked effort to enjoin the United States from enforcing the Seizure Warrants, and distribute the assets to the Committee's constituents, circumventing criminal law procedures providing the exclusive mechanism to resolve third-party disputes over warrants.  *See* 21 U.S.C. § 853(n).  The Adversary Proceeding should be withdrawn to prevent this interference with the government's enforcement of criminal laws.  Permissive withdrawal is also appropriate to promote judicial economy by avoiding inevitable appeals to the District Court and to discourage the Committee's attempt to litigate issues in an improper forum (the Bankruptcy Court).

## **ARGUMENT**

### I.     **Withdrawal of the Reference Is Mandatory.**

Courts in the Third Circuit compel mandatory withdrawal of the reference under 28 U.S.C. § 157(d) when the action "requires a 'substantial and material

consideration of federal law outside the Bankruptcy Code."  Mot. at 6 (quoting *United States v. Delfasco, Inc.*, 409 B.R. 704, 707 (D. Del. 2009)); Opp. ¶ 29. "Withdrawal is inappropriate," however, "when only a straightforward application of federal law is required for resolution of the pending issue."  *Delfasco*, 409 B.R. at 707 (citation omitted).

The issues in this case require a substantial and material consideration of the criminal forfeiture laws and resolution of the complex tension between those laws and bankruptcy law, which mandates withdrawal of the reference.  *See United States v. DeMiro*, 446 B.R. 804, 807 (E.D. Mich. 2011) (granting withdrawal where case required consideration of criminal forfeiture laws); *United States v. One Parcel of Real Property*, 137 B.R. 802, 806 (D. Or. 1992) (same). [2]  As described further below: (A) there are threshold jurisdictional issues—alone sufficient to meet the Section 157(d) standard—that must be resolved before the Bankruptcy Court could even reach the merits of the Committee's claims; (B) the Opposition implicates substantial and material consideration of criminal law

---

[2]      The Committee's attempt to distinguish *DeMiro* and *One Parcel* on the grounds that the defendants in those cases were debtors rings hollow.  Opp. ¶ 34. Section 157(d) asks whether substantial and material consideration of non-bankruptcy law is required, not whose rights are at issue.  This case, like *DeMiro* and *One Parcel*, requires consideration of criminal forfeiture laws and thus withdrawal is mandatory.

regarding the relation back doctrine; and (C) criminal law provides the exclusive mechanism to resolve third party disputes over warrants.

### A.     Resolving Jurisdiction Over the Adversary Proceeding Requires Substantial and Material Consideration of Non-Bankruptcy Law.

As shown in the Motion, the Adversary Proceeding falters on two jurisdictional thresholds, both of which turn on non-bankruptcy law, and thus raise substantial and material questions that mandate withdrawal of the reference.

*First*, 28 U.S.C. § 1355(a) vests exclusive jurisdiction over actions or proceedings "for the recovery *or enforcement* of any . . . forfeiture . . . incurred under any Act of Congress" (emphasis added) in the district courts, and 18 U.S.C. § 3231 grants jurisdiction over "all offenses against the laws of the United States." The District Court has not, and could not, delegate this jurisdiction to the Bankruptcy Court.  Here, the Adversary Proceeding seeks to prevent the United States from enforcing the criminal seizure warrants by enjoining the transfer from BlockFi to the United States.  Compl. ¶¶ 2–6.  These issues fall squarely within the exclusive jurisdiction of the district courts.

The Opposition fails to address this threshold question of exclusive jurisdiction, instead contending that the Bankruptcy Court has jurisdiction over the forfeitable property under 28 U.S.C. § 1334(e)(1), which provides that "[t]he district court in which a case under title 11 is commenced or is pending shall have exclusive jurisdiction [] of all the property, wherever located, of the debtor as of

the commencement of such case, and of property of the estate." Opp. ¶ 32.[3]  At

best, this highlights the need to reconcile the jurisdictional provisions of the

criminal forfeiture statutes and bankruptcy law, which is beyond the scope of the

Bankruptcy Court's jurisdiction and mandates withdrawal of the reference.  *See*

*GuildMaster, Inc. v. United States of America (In re GuildMaster, Inc.)*, Adv. No.

12-6068, 2013 WL 1331392, at *5–7 (Bankr. W.D. Mo. Mar. 29, 2013)

(considering, and rejecting, the argument that the bankruptcy court had jurisdiction

under 28 U.S.C. § 1334(e) to determine whether property was subject to forfeiture

or was property of the estate because "federal district courts have exclusive

jurisdiction over criminal cases, including criminal forfeitures, under 18 U.S.C.

§ 3231, and over federal forfeiture cases under 28 U.S.C. § 1355(a)," and the

bankruptcy court "lack[ed] jurisdiction over any aspect of the criminal matter").

*Second*, 21 U.S.C. § 853(k) prohibits a party "claiming an interest in

property subject to forfeiture" from "commenc[ing] an action at law or equity

against the United States concerning the validity of [its] alleged interest in the

property subsequent to the filing of an indictment or information alleging that the

property is subject to forfeiture under this section."  *See United States v. Nava*, 404

F.3d 1119, 1125 (9th Cir. 2005) (Section 853(k) "specifically bars third parties

---

[3]      The United States assumes the Committee intended to argue the Bankruptcy
Court has jurisdiction under 28 U.S.C. § 1334(e) *and* the District Court's referral
of proceedings arising under title 11 to the Bankruptcy Court.  *See* Opp. ¶ 26.

from intervening in the trial or the appeal of a criminal case to assert their interests, or from bringing independent suits against the United States once an indictment alleging that the property is subject to forfeiture has been filed"); *Chaim v. United States*, 692 F. Supp. 2d 461, 471 (D.N.J. 2010) (citing *Nava*, confirming that a third party cannot commence an action against property once there is an indictment containing a forfeiture allegation against that property).  Here, the Committee claims an interest on behalf of creditors in the property subject to forfeiture and seeks an order preventing transfer of the property to the United States on the grounds that it is "property of the estate" that would otherwise be distributed to creditors.  *See* Compl. ¶¶ 4, 30.[4]  The Committee contends, based on its own subjective interpretation of the scope of the Seizure Warrants, that the property is not subject to forfeiture—a claim that necessarily involves the interpretation and application of criminal laws and the orders of the Washington District Court. These claims are barred by Section 853(k).  *See In re GuildMaster, Inc.*, 2013 WL 1331392, at *2, *6–7 (holding that under Section 853(k) the bankruptcy court

---

[4]      Even if the property at issue were distributed to creditors as part of a plan of reorganization, the United States could still seek seizure and forfeiture of the distributed funds, either with additional seizure warrants or forfeiture orders, and its interest would relate back to the dates of the crimes.  The government's position that these funds are the laundered proceeds of a wire fraud and money laundering conspiracy would not change upon distribution to creditors.

lacked jurisdiction to determine whether the debtor's assets were subject to forfeiture).

### B. The Application of the Relation Back Doctrine Presents a Substantial and Material Question of Criminal Law.

The Committee argues in its Opposition that the assets deposited in the Subject Accounts are property of the bankruptcy estate, not subject to forfeiture, and that the United States' interests in the property are merely that of an unsecured creditor.  Opp. ¶¶ 6, 32–33.  This contention raises an additional substantial and material issue of non-bankruptcy law: how the relation-back doctrine of criminal forfeiture law applies in this case.

Under the criminal law relation-back doctrine, the United States' interest in assets deposited in the Subject Accounts relates back to the "time of the commission of the criminal acts giving rise to the forfeiture." *United States v. Lavin*, 942 F.2d 177, 185–86 (3d Cir. 1991); *see also* 21 U.S.C. § 853(c).  In other words, the relation-back doctrine "permits the United States to step into [a criminal defendant's] shoes, 'acquiring only the rights [he possessed] *at the time of* the criminal acts.'" *United States v. Peña-Fernádez*, 378 F. Supp. 3d 130, 132–33 (D.P.R. 2019) (quoting *United States v. Huntington Nat'l Bank*, 682 F.3d 429, 433 (6th Cir. 2012)) (emphasis added).

The criminal acts described in the Indictment here occurred between December 2013 and August 2022, Mot. Ex. 1 ¶ 2, and thus included acts before the

Criminal Defendants opened the Subject Accounts with BlockFi[5] and long before BlockFi's chapter 11 filing created the bankruptcy estate.[6] If the United States prevails in the criminal proceedings and obtains an order of forfeiture, then its interest in the ill-gotten gains deposited with BlockFi would vest retroactively and the property would be outside the scope of the bankruptcy estate *ab initio*. *See United States v. French*, 822 F. Supp. 2d 615, 618–19 (E.D. Va. 2011); *In re WinPar Hospitality Chattanooga, LLC*, 404 B.R. 291, 296–97 (Bankr. E.D. Tenn. 2009) (noting that the "traditional relation-back doctrine . . . would, upon condemnation of the property, vest title in the United States as of the date of the acts giving rise to forfeiture, a date which precedes the filing of [the debtor's] bankruptcy and thus the creation of the bankruptcy estate"). Before the forfeiture is resolved, there is a material question about whether the assets are part of the bankruptcy estate. *See Sweet v. United States* (*In re VPH Pharmacy, Inc.*), No. 18-11280, 2018 WL 3574721, at *2–3 (E.D. Mich. July 25, 2018) (holding that seized

---

[5]   The Subject Accounts were opened between July 30, 2020, and June 14, 2021. Mot. Ex. 2 at 1, 3, 5, 7. By this time, the Criminal Defendants had already engaged in numerous acts of alleged wire fraud and money laundering. Mot. Ex. 1 ¶¶ 13, 17, 20, 23.

[6]   Prior to the Committee's filing of this Adversary Proceeding, BlockFi identified certain assets that it was prepared to surrender to the temporary custody of the United States per a proposed stipulation. BlockFi's Resp. to Mot. to Compel (Crim. Dkt. No. 24) at 2–3; BlockFi's Response to Mot. to Withdraw the Reference (Dkt. No. 8) ¶ 1. It is only the Committee that now asserts that the Seizure Warrants entitle the United States to an unsecured right to payment rather than those assets. Opp. ¶¶ 1, 3–4, 33.

property cannot be treated as part of bankruptcy estate); *Diversified Fiber Prods., Inc. v. United States* (*In re Thena, Inc.*), 190 B.R. 407, 411–13 (D. Or. 1995) (same); *In re Timiryan*, No. 05-38663, 2007 Bankr. LEXIS 1627, at *11–12 (Bankr. C.D. Cal. Mar. 27, 2007) (holding that debtor may not use, sell, or lease assets in bankruptcy estate seized pursuant to seizure warrants since allowing otherwise would "undo" prepetition seizures and "potentially render the federal forfeiture statutes meaningless").

Moreover, adopting the Committee's theory—that the United States has merely an unsecured right to payment and that creditors may file suit in the bankruptcy case to enjoin compliance with criminal warrants—risks undermining the United States' ability to enforce criminal forfeiture law. That theory would allow criminals to use bankruptcy to avoid forfeiture, and the proceeds of alleged crimes would be distributed to creditors rather than used as restitution for victims of the alleged crimes.

The Committee cites no precedent for this dramatic derogation of criminal forfeiture law, and the United States is aware of none. This substantial and material question affecting the Executive Branch's ability to enforce criminal forfeiture statutes should be answered by a District Court. *Cf. Sullivan v. Hiser* (*In re St. Mary Hosp.*), 115 B.R. 495, 497–98 (E.D. Pa. 1990) (holding that withdrawal was required when claim raised an issue of first impression interpreting

non-bankruptcy federal statute); *Ames Dep't Stores, Inc. v. Lumbermens Mut. Cas. Co.* (*In re Ames Dep't Stores, Inc.*), 512 B.R. 736, 740 (S.D.N.Y. 2014) (explaining that purpose of Section 157(d) is "to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside of the Bankruptcy Code"); *Block v. Anthony Tammaro, Inc.* (*In re Anthony Tammaro, Inc.*), 56 B.R. 999, 1007 (D.N.J. 1986) (holding withdrawal required when "key issue to be adjudicated" was whether trust created under non-bankruptcy federal law was part of debtor's estate, an "issue of first impression"); *Delfasco*, 409 B.R. at 707–08 (holding withdrawal was mandatory when government's claims required harmonizing automatic stay provision in Section 362(b)(4) and injunction arising under separate federal law).

### C.   Criminal Law Provides an Exclusive Mechanism to Resolve Third-Party Disputes Over Warrants.

The Adversary Proceeding is also improper because criminal forfeiture law provides the sole mechanism for resolving third-party claims to seized assets and challenges to the execution of seizure warrants. *See* 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States . . . may . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). As detailed in the Motion, the Committee is unable to challenge the seizure by any other means. (Mot. at 9–10.)

The Committee ignores these criminal law procedures, arguing that denying its preferred choice to proceed with its Adversary Proceeding would be "Orwellian at best." Opp. ¶ 35. The law disagrees. The Supreme Court has upheld the procedures under Section 853(n) as adequate to preserve the rights of third parties with interests in seized property. *Libretti v. United States*, 516 U.S. 29, 44 (1995).

Whether the Committee can circumvent exclusive criminal law procedures governing third-party disputes over warrants provides yet another substantial and material question of criminal law sufficient to mandate withdrawal.

## II. Alternatively, Permissive Withdrawal Is Appropriate.

Even if the Court finds mandatory withdrawal is not required, permissive withdrawal should be granted. 28 U.S.C. § 157(d) provides that a district court "may withdraw, in whole or in part, any case or proceeding referred [to a bankruptcy court] . . . for cause shown." The statute does not explain what "cause shown" means, but the "requirement to show cause 'creates a presumption that Congress intended to have bankruptcy proceedings adjudicated by a bankruptcy court *unless rebutted by a contravening policy*.'" *In re G-I Holdings, Inc.*, 295 B.R. 211, 219 (D.N.J. 2003) (quoting *Hatzel & Buehler*, 106 B.R. 367, 371 (D. Del. 1989)) (emphasis added).

As explained in the Motion, courts in the Third Circuit apply certain non-exhaustive factors, including whether the proceeding is "core" or "non-core" under

28 U.S.C. § 157.  Mot. at 13.  28 U.S.C. § 157(b)(1) allows bankruptcy courts to issue final orders and judgments in "core proceedings arising under title 11," whereas "for non-core matters, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court for *de novo* review." *Feldman as Tr. Of Est. of Image Masters, Inc. v. ABN Ambro Mortg. Grp., Inc.*, No. 19-MC-131, 2020 WL 618604, at *3 (E.D. Pa. Feb. 10, 2020) (citing 28 U.S.C. § 157(b)(1), (c)(1)).  The Committee argues that the Adversary Proceeding is a "core" proceeding with a presumption against withdrawal because it "seeks to enforce the automatic stay."  Opp. ¶ 38.  That argument is flawed, for two reasons.

First, as explained above, 18 U.S.C. § 3231 and 28 U.S.C. § 1355 divest the Bankruptcy Court of jurisdiction over the Adversary Proceeding regardless of Section 157(b).  Second, 11 U.S.C. § 362(b)(4) exempts the government's criminal forfeiture action from the automatic stay, so there was (and is) no stay to enforce against the government.  *In re WinPar Hospitality Chattanooga, LLC*, 404 B.R. 291, 296–97 (Bankr. E.D. Tenn. 2009) (dismissing trustee claims alleging the government's forfeiture action violated the automatic stay because "a plain reading of § 362(b)(4) specifically allows acts by governmental units to obtain possession of property of the estate or to exercise control over property of the estate in furtherance of their police or regulatory powers").

The Adversary Proceeding seeks to interfere with the United States' exercise of its police power in the execution of criminal forfeiture laws, giving rise to serious separation of powers concerns, *see* Mot. 10–11, and demonstrating "contravening polic[ies]" that rebut any presumption that Congress intended cases such as this be heard by a bankruptcy court. *In re G-I Holdings*, 295 B.R. at 219. The Committee's position also turns on an interpretation of the scope of the Washington District Court's Seizure Warrants. *See* Opp. ¶¶ 3, 4, 17 (construing the language "funds . . . from" the target accounts in the Seizure Warrants as meaning only "funds *in*" the accounts). Those warrants were issued based on information under seal, and only the Washington District Court is in a position to clarify the scope of its own orders.

Withdrawal will also promote judicial economy by moving directly to district court in a case where appeal is likely. Mot. at 14. The Committee contends the facts of the case overlap with the main bankruptcy, Opp. ¶ 42, but this case will turn on jurisdictional and criminal law issues that must be resolved in the District Court.

Finally, withdrawal will undo the Committee's forum shopping.[7] The Committee does not dispute that the criminal law provides a forum and opportunity

---

[7]   The Committee wrongly accuses the government of forum shopping. Opp. ¶ 43. The government is not shopping where the law mandates withdrawal.

to challenge a forfeiture.  Rather than utilizing those clear, well-trod criminal law

procedures, the Committee asks for unprecedented relief from the bankruptcy

court, in a clear attempt to obtain a more favorable forum.  This shopping should

not be countenanced, further supporting withdrawal of the reference.

## **<u>CONCLUSION</u>**

For the foregoing reasons, the United States respectfully requests the Court

withdraw the reference for the Adversary Proceeding.


RESPECTFULLY SUBMITTED:

June 20, 2023

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General


/s/ *Crystal J. Geise*
RUTH A. HARVEY
KEVIN P. VANLANDINGHAM
SETH B. SHAPIRO (D.C. Bar No. 433988)
JESSICA L. COLE
CRYSTAL J. GEISE (N.Y. Bar No. 5405204)
United States Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 875, Ben Franklin Station
Washington D.C. 20044
TEL: (202) 451-7330
FAX: (202) 514-9163
Email: crystal.geise@usdoj.gov

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2023 a true and correct copy of the foregoing was duly served upon all parties to the adversary proceeding via the Court's electronic case filing system (ECF).

/s/ *Crystal J. Geise*\_\_\_\_\_
CRYSTAL J. GEISE